```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALBERT CAMPBELL,

                        Plaintiff,
                                            MEMORANDUM & ORDER
            -against-                       18-CV-3872(JS)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Max D. Leifer, Esq.
                    Law Offices of Max D. Leifer, P.C.
                    135 West 26th Street, Suite 11-D
                    New York, New York 10001

For Defendant:      Candace Scott Appleton, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, New York 11201
```

SEYBERT, District Judge:

Plaintiff Albert Campbell brings this action pursuant to Section 205(g) of the Social Security Act (42 U.S.C. § 405(g)), challenging the Commissioner of Social Security's denial of his application for disability insurance benefits. Presently pending before the Court are Plaintiff's motion for judgment on the pleadings, (Pl. Mot., D.E. 10), and the Commissioner's cross-motion for judgment on the pleadings, (Def. Mot., D.E. 13). For the following reasons, the Commissioner's cross-motion is GRANTED and Plaintiff's motion is DENIED.

BACKGROUND[1]

Plaintiff applied for disability benefits on March 15, 2015, alleging disability from March 1, 2013. (R. 15-18.) His application was denied and he requested a hearing. Plaintiff appeared before an administrative law judge ("ALJ") via videoconference on July 10, 2017. (R. 15.) The ALJ found him not disabled from March 1, 2013, the date of onset, to December 31, 2013, the date last insured. (R. 18.) The ALJ found that Plaintiff was not disabled because he performed substantial gainful activity during the relevant period. (R. 17-18.) The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This action followed. (See Compl., D.E. 1.)

DISCUSSION

I. Standard of Review

In reviewing the ruling of an ALJ, the Court does not determine de novo whether the plaintiff is entitled to disability benefits. Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the

---

[1] The background is derived from the administrative record filed by the Commissioner on November 8, 2018. (R., D.E. 9.) For purposes of this Memorandum & Order, familiarity with the administrative record is presumed. The Court's discussion of the evidence is limited to the challenges and responses raised in the parties' briefs.

2

ALJ. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). In applying "the five-step sequential evaluation process [used] to decide whether [Plaintiffs] are disabled . . . [i]f [the ALJ] can find that [Plaintiffs] are disabled or not disabled at a step, [the ALJ] make[s a] determination or decision and [it does] not go on to the next step." 20 C.F.R. § 404.1520(a)(1), (4).

## II. The ALJ's Decision

Here, the ALJ applied the sequential five-step process (see 20 C.F.R. §§ 404.1520, 416.920) and concluded that Plaintiff was not disabled. (R. 17-18.) At step one, an ALJ must determine whether a claimant engaged in substantial gainful activity during the relevant period. (R. 16; 20 C.F.R. 404.1520(a)(i), (b).) Here, the ALJ noted that "[g]enerally, if an individual has earnings from employment . . . above a specific level set out in the regulations,[2] it is presumed that he has demonstrated the ability to engage in [substantial gainful activity]." (R. 16.) Applying this principle, at step one, he found that Plaintiff had

---

[2] The regulations lay out the earnings that demonstrate substantial gainful activity and explain how they are calculated each year. See 20 C.F.R. § 404.1574(b).

3

engaged in substantial gainful activity during the relevant period. (R. 17-18.) The ALJ recognized that "[i]f an individual engages in [substantial gainful activity], he is not disabled regardless of how severe his physical or mental impairments are and regardless of his age, education, and work experience." (R. 16.) Thus, the ALJ did not proceed beyond step one.

In conducting the step one analysis, the ALJ considered Plaintiff's Summary Earnings Query, which indicated reported wages of $13,210.92 in 2012 and $15,750.50 in 2013. (R. 17, 160.) The ALJ noted this was consistent with Plaintiff's Certified Earnings Record. (R. 17-18, 161-62.) The ALJ found that Plaintiff's testimony that he "stopped working in March 2013" was "inconsistent with wage information from Francis Theiling [his employer], revealing a rate of $12.50 per hour for 30 hours a week. The 'date last paid' was September 30, 2014." (R. 18.) He further observed that "wage information on another form lists 'pay date' as August 30, 2014, indicating continued employment and wages above substantial gainful activity." Finally, he pointed to a note from Stony Brook Medicine in May 2013 stating that "the patient works as a carpenter." (R. 18.) "In summary, due to multiple wage and earnings reports and employer forms showing substantial gainful activity in 2012 and 2013, through the date last insured of December 31, 2013," the ALJ found Plaintiff was not disabled. (R. 18.)

4

III. Analysis

Plaintiff argues that the ALJ incorrectly determined that he performed substantial gainful activity during the relevant period and erred in concluding his analysis at step one. He contends that the ALJ should have considered his "health or afflictions" and "[t]his total failure to consider all the relevant facts in and of itself provides a basis for a reversal of the denial or, at the very least, a remand." (Pl. Br., D.E. 10-1, at ECF p. 3.) He states that the ALJ should not have determined he performed substantial gainful activity "solely from the amount [he] earn[ed]" and claims that despite his earnings, he was not performing substantial gainful activity because he worked under "special work condition[s]." (Pl. Br. at ECF pp. 3-4, 5.) The Commissioner responds that substantial evidence supported the ALJ's step one finding, that the ALJ correctly ended his analysis at step one after determining that Plaintiff had engaged in substantial gainful activity, and that Plaintiff failed to meet his burden in rebutting the presumption that he performed substantial gainful activity. (Def. Br., D.E. 14, at 6, 2 n.1, 9.)

As the ALJ summarized in his decision, substantial work activity "involves doing significant physical or mental activities." (R. 16 (quoting 20 C.F.R. § 404.1572(a)).) The Social Security Administration ("SSA') states that "[g]enerally,

in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity. We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings. . . . Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity." 20 C.F.R. § 404.1574(a)(1). Similarly, as recently summarized by a court in this District, "[i]n determining whether work constitutes substantial gainful activity, the primary consideration is the claimant's earnings. Earnings in excess of agency-established thresholds create the presumption that the claimant is engaged in substantial gainful activity." Croce v. Acting Comm'r of Soc. Sec., No. 17-CV-0440, 2018 WL 4636815, at *5 (E.D.N.Y. Sept. 27, 2018) (citing 20 C.F.R. § 404.1574(a)(1)).

Although earnings are the primary consideration, if a Plaintiff's "work is done under special conditions, [the SSA] may find that it does not show that [the Plaintiff has] the ability to do substantial gainful activity" even if that Plaintiff meets the earning threshold. 20 C.F.R. 404.1573(c). However, the "plaintiff bears the burden of establishing that despite surpassing the established levels of earnings, [he] was not engaged in substantial gainful activity." Croce, 2018 WL 4636815 at *5. Thus, a plaintiff

6

alleging special conditions must adequately demonstrate them at the hearing to rebut the earnings presumption.

<u>First</u>, Plaintiff's argument that the ALJ failed to consider his "multiple medical problems which [were] quite extensive" fails. (Pl. Br. at ECF p. 3.) The applicable SSA regulations explain that in performing the sequential analysis, the evaluation stops when a Plaintiff is found not disabled. 20 C.F.R. § 404.1520(a); <u>see</u> <u>also</u> <u>Johnson v. Comm'r of Soc. Sec.</u>, No. 15-CV-0341, 2017 WL 1166348, at *2 (E.D.N.Y. Mar. 28, 2017) ("The process is one of sequential evaluation, such that if the Commissioner is able to make a specified conclusive determination regarding the claimant's disability at a given step, there is no need to perform the analysis set forth under the next successive step."). The ALJ correctly applied this process in his decision. In any event, the ALJ allowed Plaintiff to testify regarding his medical issues (R. 35-38), and even asked him "[w]hat impairments did these physical problems cause?" (R. 36).

<u>Second</u>, the ALJ properly based his denial on Plaintiff's earnings <u>and</u> the inconsistencies between Plaintiff's testimony and the record evidence. At the start of the hearing, the ALJ noted that the records "certainly show earnings above what we call substantial gainful activity in 2012 and 2013." Because it was "important for [the ALJ] to understand when it was [Plaintiff] actually stopped working," he asked him directly: "when was it

7

that you did stop?" (R. 28). Plaintiff testified that he stopped "[b]asically, March 2013" when he had his "second heart attack." Before that . . . [he] kept trying but [he] couldn't." (R. 29.) The ALJ continued the line of questioning by asking whether Plaintiff's documented 2013 wages of "fifteen plus thousand dollars" were earned "just in the first three months [ ] of 2013." Plaintiff responded that they were. (R. 29.) He repeatedly stated that he "tried going back" to work despite his disability and "never wanted to admit that [he] couldn't." (R. 31, 30.) He conceded that he had earnings in 2014, well beyond the relevant period, tending to show that he was working and earning during th relevant period. (R. 31.) His testimony was inconsistent with his documented earnings and employment history.

Third, Plaintiff did not meet his burden in rebutting the earnings presumption that he performed substantial gainful activity by establishing that he worked under "special conditions." Plaintiff does not contest that his documented earnings were above those required to show substantial gainful activity, but he now claims that his work was "sanctioned and assisted by his current employer" and "his medical conditions prevented him from completing his tasks without assistance." (Pl. Br. at ECF p. 4.) Although Plaintiff now contends that he worked under "special work conditions," (Pl. Br. at ECF p. 5), he did not explain them at the hearing, even when the ALJ asked him about his physical

8

impairments. Plaintiff thus did not meet his "burden of establishing that despite surpassing the established levels of earnings, [he] was not engaged in substantial gainful activity." Croce, 2018 WL 4636815 at *5. The SSA explains to claimants that

> Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which—
> (1) You required and received special assistance from other employees in performing your work;
> (2) You were allowed to work irregular hours or take frequent rest periods;
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
> (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573(c). Plaintiff never testified that he received special assistance, worked irregular hours, took frequent breaks, or was provided with special equipment. The only "rest" he references is a break he took with others: "And one of the last days on the job, we were working and we took a break." (R. 30 (emphasis added).) The only reference he makes to a special condition in his testimony is that his employer "basically felt pity on [him] and gave [him] some money [in 2014, after the

9

disability period]." (R. 31.) But then his employer told him he could not keep him on anymore. Essentially, Plaintiff's employment was terminated after the relevant period because his employer could <u>not</u> make special accommodations for him ("My boss was getting really nervous about me being on the job. He considered me a bit of a liability . . . ." (R. 29)). Plaintiff's brief includes no record cites for his belated assertion that he worked under special conditions.

Plaintiff states that he worked during the relevant period because he had to "support [himself] when [his] case [was] pending" and he had "rent payments, medical payments and other normal expenses" so he performed "part-time work, so he [could] at least meet his basic needs." (Pl. Br. at ECF p. 2.) In doing so, his earnings were above the amount determined by the SSA to reflect substantial gainful activity for the relevant period. <u>See</u> Program Operation Manual Systems ("POMS") DI 10501.015.B.[3] His record earnings are inconsistent with his testimony. In sum, because there is substantial evidence that Plaintiff performed substantial gainful activity during the relevant period, and Plaintiff has not rebutted the earnings presumption by demonstrating he worked under

---

[3] POMS are publicly available instructions used by SSA employees that include tables indicating the yearly income levels demonstrating substantial gainful employment. They are available at:
https://secure.ssa.gov/apps10/poms.nsf/partlist!OpenView.

special conditions, "Plaintiff's income and work history prevent him from being deemed disabled at step one of the analysis." Johnson, 2017 WL 1166348 at *3.

## CONCLUSION

For the foregoing reasons, the Commissioner's cross-motion (D.E. 13) is GRANTED and Plaintiff's motion (D.E. 10) is DENIED. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  10 , 2019
       Central Islip, New York

11